UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LIBERTY MUTUAL FIRE  INSURANCE
COMPANY, et al.,

                          Plaintiff,

                                                      Case No.
   - against -                                    1:13-cv-5046 (ENV)(PK)

                                                      **<u>Answer</u>**

ISAAC SHAPSON, et al.,

                        Defendants.
------------------------------------------------------------------X

Defendants Iqbal Pervaiz Qureshi, M.D., S.D. Medical, P.C., and P.R. Medical, P.C., answer the Plaintiffs' Complaint as follows;

1.    Deny each and every allegation against or involving Iqbal Pervaiz Qureshi, M.D., S.D. Medical, P.C., and P.R. Medical, P.C., in paragraphs designated 1, 2, 4-9, 11, 12, 18-46, 48-54, 69, 70, 72, 87-91, 100, 128-89, 191-206, 208-23, 259-66, 268-70, 272-82, 284-89, and 291-98.

2.    Deny knowledge and information sufficient as to form a belief as to the allegations contained in paragraphs designated 10, 14-17, 55-68, 71, 73, 74, 77-86, 92-99, 101, 102, 123-27, 225-40, and 242-57.

3.    Deny any knowledge sufficient to form a belief as to each and every allegation contained in the paragraphs designated as 3, 47, 103-05, and 107 as said allegations are conclusions of law, and such questions are respectfully referred to the Court.

4.    Reiterate respective responses set forth herein as to the allegations contained by incorporation in paragraphs designated as 190, 207, 224, 241, 258, 267, 271, 283, and 290.

5.    Admit the facts averred by Plaintiffs, while denying any allegations of fraud, deception, money laundering, submission of allegedly fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied, in paragraphs designated as 13, 75, 106, and 108-22.

Furthermore, Answering Defendants asserts the following **DEFENSES**:

**One.** Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**Two.** Plaintiffs failed to join parties required by Federal Rule of Civil Procedure 19.

**Three.** Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of *res judicata*, claim preclusion.

**Four.** Plaintiffs' claims are barred, in part, by the doctrine of collateral estoppel, issue preclusion.

**Five.** Plaintiffs' recovery is barred, in whole or in part, by their failure to mitigate damages.

**Six.** Plaintiffs' alleged losses, liabilities, or other expenses, if any, were not directly or proximately caused by the conduct of the Defendant as alleged or otherwise.

**Seven.** Plaintiffs' injury, if any, was the result of the intervening or superseding conduct of third parties.

**Eight.** Plaintiffs have failed to disclose a concrete financial loss, and thus Plaintiffs' injury, if any, is not compensable. Plaintiffs' recovery of damages is barred in whole or in part because Plaintiffs' alleged damages are speculative.

**Nine.** Plaintiffs' damages were caused, in whole or in part, by Plaintiffs' own negligence and/or the negligence of a third party.

**Ten.** Plaintiffs waived any and all claims they might have against Defendant.

**Eleven.** Plaintiffs' recovery is barred by the defense of release.

**Twelve.** Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover the damages alleged in the Complaint.

**Thirteen.** Defendants did not act with the requisite scienter for actionable fraud.

**Fourteen.** Plaintiff did not rely on the statements and/or conduct of Defendant, and if it did, such reliance was not justifiable. And if the reliance was justifiable, it was not to the detriment of Plaintiffs.

**Fifteen.**   Any and all actions taken by Defendants with respect to any of the matters alleged in the Amended Complaint were taken in good faith and in accordance with established industry practice.

**Sixteen.**   Plaintiffs' claims are barred by the equitable doctrines of laches.

**Seventeen.**   Plaintiffs' remedies are limited to those provided by Article 51 of the New York State Insurance Law.

**Eighteen.**   The United States Court for the Eastern District of New York lacks jurisdiction over Plaintiff's claims.

**Nineteen.**   Plaintiff's claims are subject to arbitration pursuant to No-Fault law and the Federal Arbitration Act.

6.   Defendants Answering herein also incorporates by reference, reiterates, and preserves any and all defenses put forth by co-Defendants in their respective Answers.

7.   Defendants Answering herein have not knowingly or voluntarily waived any applicable defenses, affirmative or otherwise, and reserves the right to assert and rely upon additional defenses as such arise, or become available or apparent as Discovery progresses, during the course of this litigation.

8.   Defendants answering herein assert that they currently lack any knowledge of any fraudulent or otherwise unlawful acts committed by any associate, employee, patient or agent of any Defendant. In the event such acts are discovered by Answering Defendants, Defendants Answering herein reserve their right to assert claims against such parties to indemnify Answering Defendants against such parties' unlawful or fraudulent actions, as such arise, or become available or apparent as Discovery progresses, during the course of this litigation.

Dated:  May 2, 2016

                      Respectfully submitted,

                      /s/_____

                      By: Nicholas Bowers, Esq.

Gary Tsirelman, P.C.
*Attorneys for Defendants Iqbal*
*Pervaiz Qureshi, M.D.,*
*SD Medical, P.C., and*
*P.R. Medical, P.C.*
129 Livingston Street, 2nd Floor
Brooklyn, NY 11201
718- 438-1200 ext 118