UNITED STATES DISTRICT COURT
EASTER DISTRICT OF NEW YORK
--------------------------------------------------------------X

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, et al.,

                                    Plaintiffs,

                  -against-

ISAAC SHAPSON, et al.,

                                 Nortmed
Defendants.
--------------------------------------------------------------X

                                         13-cv-5046 (ENV)(PK)

                                         **ANSWER**

**PLEASE TAKE NOTICE THAT** Defendants, Isaac Shapson ("*Shapson*") and Nortmed Management, Inc. ("*Nortmed*") (collectively, "*Nortmed Defendants*"), through their attorneys, Mohen Cooper & Papagianakis LLC, as and for their Answer to the Complaint of Plaintiffs, Liberty Mutual Fire Insurance Company, Liberty Insurance Corp., Liberty Mutual Insurance Company, Liberty County Mutual, The First Liberty Insurance Corp., Liberty Mutual Mid-Atlantic Insurance Company, Liberty Mutual Insurance Corp., Peerless Ins. Co., American States Insurance Co., General Insurance Co. of America, Safeco Insurance Co. of America, and Safeco Insurance Co. of Indiana (collectively, "*Plaintiffs*"), to the extent that Nortmed Defendants are able to discern and provide answers to specific, clearly delineated allegations, hereby allege as follows:

## PRELIMINARY STATEMENT

1.      The allegations in Paragraph 1 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

2.      The allegations in Paragraph 2 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny

the allegations, except admit that Shapson is not licensed to practice medicine in the State of New York.

3.      The allegations in Paragraph 3 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

4.      Nortmed Defendants object to the allegations contained in Paragraph 4 of the Complaint pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure *("FRCP"),* insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 4 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

5.      The allegations in Paragraph 5 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

6.      The allegations in Paragraph 6 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

7.      The allegations in Paragraph 7 of the Complaint constitute legal conclusions and, as such, require no answer.  To extent that an answer is so required, Nortmed Defendants deny the allegations.

8.      The statements contained in Paragraph 8 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

9.     The allegations in Paragraph 9 of the Complaint constitute legal conclusions and, as such, require no answer.  To extent that an answer is so required, Nortmed Defendants deny the allegations.

10.     The allegations in Paragraph 10 of the Complaint constitute legal conclusions and, as such, require no answer.  To extent that an answer is so required, Nortmed Defendants deny the allegations.

11.     The allegations in Paragraph 11 of the Complaint constitute legal conclusions and, as such, require no answer.  To extent that an answer is so required, Nortmed Defendants deny the allegations.

12.     Nortmed Defendants object to the allegations contained in Paragraph 4 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 12 of the Complaint constitute legal conclusions and, as such, require no answer. To extent that an answer is so required, Nortmed Defendants deny the allegations, including each subpart, except admit that Defendant PR Medical, P.C. ("*PR Medical*") and Defendant SD Medical, P.C. ("*SD Medical*") leased or lease office space at 79-09 Northern Boulevard, Jackson Heights, NY ("*Jackson Heights Location*") and, upon information and belief, provided similar services.

13.     The allegations in Paragraph 13 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 13 of the Complaint, except admit that, according to the New York State Department of State website, PR Medical was incorporated on May 22, 2009.

14.     The allegations in Paragraph 14 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

15.     The allegations in Paragraph 15 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

16.     Nortmed Defendants object to the allegations contained in Paragraph 4 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 16 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that one is so required, Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 16 of the Complaint, including each subpart, except admit that Defendant Goodheart Chiropractic, P.C. ("*Goodheart Chiro*") and Defendant Gottlieb Family Chiropractic, P.C. ("*Gottlieb Chiro*") leased, at different points in time, office space in the Jackson Heights Location.

17.     Nortmed Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint.

18.     Nortmed Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 19.

20.     Nortmed Defendants object to the allegations contained in Paragraph 4 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but,

4

instead, are needlessly compound.  Notwithstanding the foregoing objection, Nortmed Defendants deny the allegations set forth in Paragraph 20 of the Complaint, except admit that Shapson is not licensed to practice medicine in the State of New York.

21.  The allegations in Paragraph 21 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that one is so required, Nortmed Defendants deny the allegations.

22.  Nortmed Defendants object to the allegations contained in Paragraph 4 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 22 constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations.

23.  The allegations in Paragraph 23 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

24.  The allegations in Paragraph 24 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

25.  Nortmed Defendants deny the allegations set forth in Paragraph 25 of the Complaint, except admit that Shapson owns, and is chief executive officer of Nortmed, which has its registered office at the Jackson Heights Location.  Nortmed Defendants further admit that Defendant Goodheart Chiropractic ("*Goodheart Chiro*") and Defendant Gottlieb Chiropractic ("*Gottlieb Chiro*"), at one time, leased office space at the Jackson Heights Location.

5

26. The allegations in Paragraph 26 of the Complaint constitute legal conclusions and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

27. The allegations in Paragraph 27 of the Complaint constitute legal conclusions and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

28. The allegations in Paragraph 28 of the Complaint constitute legal conclusions and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

29. The allegations in Paragraph 29 of the Complaint constitute legal conclusions and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

30. The allegations in Paragraph 30 of the Complaint constitute legal conclusions and/or are conclusory and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

31. The allegations in Paragraph 31 of the Complaint constitute legal conclusions and/or are conclusory and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

32. The allegations in Paragraph 32 of the Complaint constitute legal conclusions and/or are conclusory and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

33. The allegations in Paragraph 33 of the Complaint constitute legal conclusions and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny

information and knowledge sufficient to confirm the truth or falsity of the allegations in Paragraph 33.

34.     The allegations in Paragraph 34 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

35.     The allegations in Paragraph 35 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

36.     The allegations in Paragraph 36 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

37.     Nortmed Defendants object to the allegations contained in Paragraph 4 of the Complaint pursuant to Rules 8 and 10 of FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 37 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

38.     The allegations in Paragraph 38 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

39.     Nortmed Defendants deny the allegations set forth in Paragraph 39 of the Complaint, except admit that PR Medical and SD Medical leased office space at the Jackson Heights Location, and that Goodheart Chiro and Gottlieb Chiro, at one time, leased space at the Jackson Heights Location.

40.     The allegations in Paragraph 40 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

41.     The allegations in Paragraph 41 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

42.     The allegations in Paragraph 42 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

43.     The allegations in Paragraph 43 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

44.     The allegations in Paragraph 44 of the Complaint constitute legal conclusions and/or purport to be a statement of the relief sought by Plaintiffs and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations, including each subpart.

45.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 45, except.

46.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 46.

## NATURE OF THE ACTION

47.     The allegations in Paragraph 47 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

## NATURE OF THE RELIEF SOUGHT

48.     The statements contained in Paragraph 48 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

49.     The statements contained in Paragraph 49 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

50.     The statements contained in Paragraph 50 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

51.     The statements contained in Paragraph 51 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

52.     The statements contained in Paragraph 52 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no

response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

53.     The statements contained in Paragraph 53 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

54.     The statements contained in Paragraph 54 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

## THE PARTIES

### A.     Plaintiffs

55.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 55 of the Complaint.

56.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 56 of the Complaint.

57.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 57 of the Complaint.

58.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 58 of the Complaint.

59.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 59 of the Complaint.

60.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 60 of the Complaint.

61.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 61 of the Complaint.

62.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 62 of the Complaint.

63.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 63 of the Complaint.

64.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 64 of the Complaint.

65.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 65 of the Complaint.

66.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 66 of the Complaint.

67.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 67 of the Complaint.

68.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 68 of the Complaint.

**B.**     **The Defendant Principals**

69.     Nortmed Defendants deny the allegations set forth in Paragraph 69 of the Complaint, except admit that Shapson is a natural person residing in the State of New York.

70.     Nortmed Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     Nortmed Defendants deny the allegations set forth in Paragraph 71 of the Complaint, except admit that Shapson owns Nortmed.

72.     Nortmed Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

**C.      The Defendant Licensed Healthcare Providers**

73.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 73 of the Complaint.

74.     Nortmed Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 75 of the Complaint.

76.     Nortmed Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 77 of the Complaint.

78.     Nortmed Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 79 of the Complaint.

80.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 80 of the Complaint.

81.     The allegations in Paragraph 81 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

82.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 82 of the Complaint.

83.     Nortmed Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 84 of the Complaint.

85.     Nortmed Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

**D.**     **The Shapson PCs**

86.     Nortmed Defendants deny the allegations set forth in Paragraph 86 of the Complaint, except admit that, according to the New York State Department of State website, SD Medical was incorporated on or about October 27, 2003.

87.     Nortmed Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Nortmed Defendants deny the allegations set forth in Paragraph 88 of the Complaint, except admit that, according to the New York State Department of State website, PR Medical was incorporated on or about May 22, 2009 and is a professional corporation authorized to do business in the State of New York.

89.     Nortmed Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90.     Nortmed Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91.     Nortmed Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Nortmed Defendants deny the allegations set forth in Paragraph 92 of the Complaint, except admit that, according to the New York State Department of State website, Gottlieb Chiro was incorporated on or about April 3, 2000.

93.     Nortmed Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94.     Nortmed Defendants deny the allegations set forth in Paragraph 94 of the Complaint, except admit that, according to the New York State Department of State website, Goodheart Chiro was incorporated on or about August 31, 2010.

95.     Nortmed Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.     Nortmed Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 97 of the Complaint.

**E.      Defendant Management Companies**

98.     Nortmed Defendants admit the allegations in Paragraph 98 of the Complaint.

99.     Nortmed Defendants admit the allegations in Paragraph 99 of the Complaint, except deny that Nortmed is operating.

100.    Nortmed Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

**F.      The John Doe Defendants**

101.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 101 of the Complaint.

**G.      The ABC Corporations**

102.    Nortmed Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

## JURISDICTION AND VENUE

103.    The allegations in Paragraph 103 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

104.    The allegations in Paragraph 104 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

105.    The allegations in Paragraph 105 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

## FACTUAL BACKGROUND AND ALLEGATIONS
## APPLICABLE TO ALL CAUSES OF ACTION

106.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 106 of the Complaint.

107.    The allegations in Paragraph 107 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

108.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 108 of the Complaint, except admit that PR Medical and SD Medical, upon information and belief, are or were healthcare providers.

109.    The allegations in Paragraph 109 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations, except admit that PR Medical and SD Medical, upon information and belief, are or were healthcare providers.

A.      **Control/Ownership of Professional Corporations**

110.    The allegations in Paragraph 110 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 110.

111.    The allegations in Paragraph 111 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 111.

112.    The allegations in Paragraph 112 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit

the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 112.

113.    The allegations in Paragraph 113 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 113.

114.    The allegations in Paragraph 114 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 114.

115.    Nortmed Defendants object to the statements contained in Paragraph 115 of the Complaint insofar as they are not allegations, but, rather, purport to be gratuitous statements of law to which no response is required.  Nortmed Defendants refer all questions of law and their legal significance to the Court for determination.  Notwithstanding the foregoing objection, to the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 115.

116.    The allegations in Paragraph 116 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of

fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 116.

**B.**     **Fee-Splitting with Non-Professionals**

117.    The allegations in Paragraph 117 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 117.

118.    The allegations in Paragraph 118 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 118.

119.    The allegations in Paragraph 119 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 119.

120.    The allegations in Paragraph 120 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 120.

C.     **Kickback Scheme Involving Unlawful Referrals**

121.    The allegations in Paragraph 121 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 121.

122.    The allegations in Paragraph 122 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants admit the allegations, but deny any allegations of fraud, deception, money laundering, submission of fraudulent claims to any Plaintiff, or any other illegal act or wrongdoing, expressed or implied in Paragraph 122.

D.     **Backdrop and PC Defendants' Submission of Fraudulent Bills**

123.    The allegations in Paragraph 123 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations.

124.    The allegations in Paragraph 124 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations.

125.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 125 of the Complaint.

126.    The allegations in Paragraph 126 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny

knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 126 of the Complaint.

127.     The allegations in Paragraph 127 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations.

128.     The allegations in Paragraph 128 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations, except admit that Shapson is not licensed to practice medicine in the State of New York.

129.     The allegations in Paragraph 129 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

130.     The allegations in Paragraph 130 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

131.     The allegations in Paragraph 131 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

132.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 132 of the Complaint.

133.     Nortmed Defendants object to the allegations contained in Paragraph 133 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in

Paragraph 133 constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

134.    The allegations in Paragraph 134 constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

135.    Upon information and belief, Nortmed Defendants deny the allegations in Paragraph 135 of the Complaint relating to Defendant Dr. Iqbal Pervaiz Qureshi ("*Qureshi*") and Defendant Serge Delaleu ("*Delaleu*"), and deny information and belief to confirm the truth or falsity of the remaining allegations.

136.    Nortmed Defendants deny the allegations in Paragraph 135 of the Complaint, except admit that Shapson owns Nortmed.

137.    The allegations in Paragraph 137 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

138.    Nortmed Defendants deny the allegations in Paragraph 138 of the Complaint.

139.    Nortmed Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    Nortmed Defendants deny the allegations in Paragraph 140 of the Complaint.

141.    Nortmed Defendants object to the allegations contained in Paragraph 141 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 141 constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

142.    Nortmed Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    Nortmed Defendants deny the allegations in Paragraph 143 of the Complaint.

144.     Nortmed Defendants deny the allegations in Paragraph 144 of the Complaint.

145.     Nortmed Defendants deny the allegations in Paragraph 145 of the Complaint.

146.     Nortmed Defendants object to the allegations contained in Paragraph 146 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 146 constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations, including each subpart, except admit that Nortmed's registered address is the Jackson Heights Location, as is, according to the New York State Department of State website, PR Medical's office.

147.     Nortmed Defendants deny the allegations in Paragraph 147 of the Complaint.

148.     Nortmed Defendants object to the allegations contained in Paragraph 148 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 137 constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations, including each subpart.

149.     Nortmed Defendants object to the allegations contained in Paragraph 149 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 137 constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations, including each subpart.

150.     The allegations in Paragraph 150 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

151.    Nortmed Defendants deny the allegations set forth in Paragraph 151 of the Complaint.

152.    Nortmed Defendants deny the allegations set forth in Paragraph 152 of the Complaint.

## CENTRALIZED SCHEME TO DEFRAUD/MECHANICS OF THE SCHEME TO DEFRAUD

153.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 153 of the Complaint, except admit that Shapson operated business through Nortmed.

154.    Nortmed Defendants deny the allegations set forth in Paragraph 154 of the Complaint.

155.    The allegations in Paragraph 155 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

156.    The allegations in Paragraph 156 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

157.    The allegations in Paragraph 157 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

158.    The allegations in Paragraph 158 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

159.     Nortmed Defendants deny the allegations set forth in Paragraph 159 of the Complaint.

160.     Nortmed Defendants deny the allegations set forth in Paragraph 160 of the Complaint.

161.     Nortmed Defendants deny the allegations set forth in Paragraph 161 of the Complaint as related to themselves, and deny knowledge and information to confirm the truth or falsity as to all other allegations.

162.     Nortmed Defendants deny the allegations set forth in Paragraph 162 of the Complaint.

163.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 163 of the Complaint.

164.     Nortmed Defendants deny the allegations set forth in Paragraph 164 of the Complaint.

165.     Nortmed Defendants deny the allegations set forth in Paragraph 165 of the Complaint, except admit that Shapson owns Nortmed.

166.     The allegations in Paragraph 166 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

167.     The allegations in Paragraph 167 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

168.     Nortmed Defendants deny the allegations set forth in Paragraph 168 of the Complaint.

169.     Nortmed Defendants deny information and knowledge sufficient to confirm the truth or falsity of the allegations set forth in Paragraph 169 of the Complaint, including each subpart.

170.     Nortmed Defendants deny the allegations set forth in Paragraph 170 of the Complaint, including each subpart, except admit that Nortmed provided management services to SD Medical, as directed by Delaleu.   Nortmed Defendants further admit that Shapson is an employee of PR Medical, providing services as directed by Qureshi.

171.     The allegations in Paragraph 171 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations, including each subpart.

172.     The allegations in Paragraph 172 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

173.     Nortmed Defendants object to the allegations contained in Paragraph 173 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 173 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations as relating to the Nortmed Defendants, and deny information and knowledge sufficient to confirm the truth or falsity of the remaining allegations.

174.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 174 of the Complaint, including the reference to Exhibit C, as attached to the Complaint.

175.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 175 of the Complaint.

176.    The allegations in Paragraph 176 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

177.    The allegations in Paragraph 177 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

178.    The allegations in Paragraph 178 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

179.    The allegations in Paragraph 179 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

180.    The allegations in Paragraph 180 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations.

181.    Nortmed Defendants object to the allegations contained in Paragraph 4 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 181 constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

182.    Nortmed Defendants deny the allegations set forth in Paragraph 182 of the Complaint, including that the referred to Exhibit D, as attached to the Complaint, stands for that which the Plaintiffs' claim.

183.    Nortmed Defendants deny the allegations set forth in Paragraph 183 of the Complaint, except admit that PR Medical, SD Medical, Gottlieb Chiro, and Goodheart Chiro, now or previously leased office space at the Jackson Heights Location.

184.    Nortmed Defendants deny the allegations set forth in Paragraph 184 of the Complaint.

185.    The allegations in Paragraph 185 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

186.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 186 of the Complaint.

187.    The allegations in Paragraph 187 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

188.    The allegations in Paragraph 188 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

## DISCOVERY OF THE FRAUD

189.    The allegations in Paragraph 189 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

27

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

### AGAINST DEFENDANTS SHAPSON, DELALEU, NORTMED, JOHN DOES 1 THROUGH 20 AND ABC CORPORATIONS 1 THROUGH 20

### [RICO, pursuant to 18 U.S.C. § 1962(c)]

190.    Nortmed Defendants repeat, reiterate, and reallege each and every admission, denial, affirmative defense, and allegation set forth in Paragraphs 1-189 above, as if set forth more fully herein at length.

### THE RICO ENTERPRISE

191.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 191 of the Complaint.

192.    The allegations in Paragraph 192 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

193.    Nortmed Defendants deny the allegations set forth in Paragraph 193 of the Complaint.

194.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 191 of the Complaint, except admit that, according to the New York State Department of State website, Delaleu was the owner of, and, as such, associated with, SD Medical and, upon information and belief, exercised sole control over such professional services corporation.

195.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 195 of the Complaint.

196.    Nortmed Defendants deny the allegations set forth in Paragraph 196 of the Complaint, except admit that Nortmed was the management company for SD Medical.

197.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 197 of the Complaint.

## THE PATTERN OF RACKETEERING ACTIVITY

## (RACKETEERING ACTS)

198.    Nortmed Defendants deny the allegations set forth in Paragraph 198 of the Complaint.

199.    The allegations in Paragraph 199 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations.

200.    The allegations in Paragraph 200 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

201.    The allegations in Paragraph 201 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

202.    The allegations in Paragraph 202 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations, including that the Appendix, as attached to the Complaint, supports the First Claim for Relief, or any relief sought herein, or that it stands for the proposition for which the Plaintiffs' claim.

203. The allegations in Paragraph 203 of the Complaint constitute legal conclusions and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

204. The allegations in Paragraph 204 of the Complaint constitute legal conclusions and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

## THE DAMAGES

205. The statements contained in Paragraph 205 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required. To the extent that one is so required, Nortmed Defendants deny the allegations.

206. The statements contained in Paragraph 206 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required. To the extent that one is so required, Nortmed Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF

## AGAINST DEFENDANTS SHAPSON, QURESHI, NORTMED, JOHN DOES 1 THROUGH 20 AND ABC CORPORATIONS 1 THROUGH 20

### [RICO, pursuant to 18 U.S.C. § 1962(c)]

207. Nortmed Defendants repeat, reiterate, and reallege each and every admission, denial, affirmative defense, and allegation set forth in Paragraphs 1-206 above, as if set forth more fully herein at length.

## THE RICO ENTERPRISE

208.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 208 of the Complaint.

209.    The allegations in Paragraph 209 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

210.    Nortmed Defendants deny the allegations set forth in Paragraph 210 of the Complaint.

211.    Nortmed Defendants deny the allegations set forth in Paragraph 211 of the Complaint, except admit that, according to the New York State Department of State website, Qureshi is the owner of, and as such associated with, PR Medical and, upon information and belief, exercises sole control over such professional service corporation.

212.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 212 of the Complaint.

213.    Nortmed Defendants deny the allegations set forth in Paragraph 213 of the Complaint.

214.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 214 of the Complaint.

## THE PATTERN OF RACKETEERING ACTIVITY
## (RACKETEERING ACTS)

215.    The allegations in Paragraph 215 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

216.    Nortmed Defendants deny the allegations set forth in Paragraph 216 of the Complaint.

217.    The allegations in Paragraph 217 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

218.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations set forth in Paragraph 218 of the Complaint.

219.    Nortmed Defendants deny the allegations set forth in Paragraph 219 of the Complaint.

220.    The allegations in Paragraph 220 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

221.    The allegations in Paragraph 221 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

## THE DAMAGES

222.    The statements contained in Paragraph 222 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.   To the extent that one is so required, Nortmed Defendants deny the allegations.

223.    The statements contained in Paragraph 223 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no

response is required. To the extent that one is so required, Nortmed Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF

## AGAINST DEFENDANTS SHAPSON, GOTTLIEB, NORTMED, JOHN DOES 1 THORUGH 20 AND ABC CORPORATIONS 1 THORUGH 20

### [RICO, pursuant to 18 U.S.C. § 1962(c)]

224. Nortmed Defendants repeat, reiterate, and reallege each and every admission, denial, affirmative defense, and allegation set forth in Paragraphs 1-223 above, as if set forth more fully herein at length.

## THE RICO ENTERPRISE

225. Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 225 of the Complaint.

226. The statements contained in Paragraph 226 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required. To the extent that one is so required, Nortmed Defendants deny the allegations.

227. Nortmed Defendants deny the allegations set forth in Paragraph 227 of the Complaint.

228. Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 228 of the Complaint.

229. Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 229 of the Complaint.

230. Nortmed Defendants deny the allegations set forth in Paragraph 230 of the Complaint.

231. Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 231 of the Complaint.

## THE PATTERN OF RACKETEERING ACTIVITY

## (RACKETEERING ACTS)

232. The allegations in Paragraph 232 of the Complaint constitute legal conclusions and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

233. Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 233 of the Complaint.

234. Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 234 of the Complaint.

235. The allegations in Paragraph 235 of the Complaint constitute legal conclusions and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

236. Nortmed Defendants deny the allegations set forth in Paragraph 236 of the Complaint.

237. The allegations in Paragraph 237 of the Complaint constitute legal conclusions and, as such, require no answer. To the extent that an answer is so required, Nortmed Defendants deny the allegations.

238.     The allegations in Paragraph 238 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

## THE DAMAGES

239.     The statements contained in Paragraph 239 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.   To the extent that one is so required, Nortmed Defendants deny the allegations.

240.     The statements contained in Paragraph 240 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.   To the extent that one is so required, Nortmed Defendants deny the allegations.

## FOURTH CLAIM FOR RELIEF

## AGAINST DEFENDANTS SHAPSON, BONOCORE, NORTMED, JOHN DOES 1 THORUGH 20 AND ABC CORPORATIONS 1 THORUGH 20

### [RICO, pursuant to 18 U.S.C. § 1962(c)]

241.     Nortmed Defendants repeat, reiterate, and reallege each and every admission, denial, affirmative defense, and allegation set forth in Paragraphs 1-240 above, as if set forth more fully herein at length.

## THE RICO ENTERPRISE

242.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 242 of the Complaint.

243.     The allegations in Paragraph 243 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

244.     Nortmed Defendants deny the allegations set forth in Paragraph 244 of the Complaint.

245.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 245 of the Complaint.

246.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 246 of the Complaint.

247.     Nortmed Defendants deny the allegations set forth in Paragraph 247 of the Complaint.

248.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 248 of the Complaint.

## THE PATTERN OF RACKETEERING ACTIVITY

## <u>(RACKETEERING ACTS)</u>

249.     The allegations in Paragraph 249 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

250.     Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 250 of the Complaint.

251.     The allegations in Paragraph 251 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

252.    The allegations in Paragraph 252 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

253.    Nortmed Defendants deny the allegations set forth in Paragraph 253 of the Complaint.

254.    The allegations in Paragraph 254 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

255.    The allegations in Paragraph 255 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

## THE DAMAGES

256.    The statements contained in Paragraph 256 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

257.    The statements contained in Paragraph 257 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

Case 1:13-cv-05046-ENV-PK  Document 76  Filed 05/02/16  Page 38 of 50 PageID #: 1137

SIXTH CLAIM FOR RELIEF

**AGAINST DEFENDANTS SHAPSON, DELALEU, QURESHI, GOTTLIEB, BONOCORE, SD MEDICAL, PR MEDICAL, GOTTLIEB CHIRO, GOODHEART CHIRO, NORTMED, JOHN DOES 1 THORUGH 20 AND ABC CORPORATIONS 1 THORUGH 20**

**(Common Law Fraud)**
**(Fraudulent Incorporation of the Shapson PCs)**

258.    Nortmed Defendants repeat, reiterate, and reallege each and every admission, denial, affirmative defense, and allegation set forth in Paragraphs 1-257 above, as if set forth more fully herein at length.

259.    Nortmed Defendants object to the allegations contained in Paragraph 259 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, Nortmed Defendants deny the allegations.

260.    Nortmed Defendants object to the allegations contained in Paragraph 260 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations in Paragraph 28 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations, including each subpart.

261.    Nortmed Defendants deny the allegations set forth in Paragraph 261 of the Complaint.

262.    Nortmed Defendants object to the allegations contained in Paragraph 262 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but,

instead, are needlessly compound.  Notwithstanding the foregoing objection, Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations.

263.    Nortmed Defendants object to the allegations contained in Paragraph 263 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations.

264.    The statements contained in Paragraph 264 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

265.    The statements contained in Paragraph 265 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

266.    The statements contained in Paragraph 266 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

## SEVENTH CLAIM FOR RELIEF

## AGAINST ALL DEFENDANTS

### (Unjust Enrichment)

267.    Nortmed Defendants repeat, reiterate, and reallege each and every admission, denial, affirmative defense, and allegation set forth in Paragraphs 1-266 above, as if set forth more fully herein at length.

268.    Nortmed Defendants deny the allegations set forth in Paragraph 268 of the Complaint.

269.    The statements contained in Paragraph 269 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

270.    The statements contained in Paragraph 270 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

## EIGHTH CLAIM FOR RELIEF

## AGAINST DEFENDANTS SHAPSON, DELALEU, QURESHI, SD MEDICAL, GOTTLIEB CHIRO, GOODHEART CHIRO, NORTMED, VATELMAN AND ELEMENT ACCUPUNCTURE

### (Common Law Fraud – Kickback Scheme)

271.    Nortmed Defendants repeat, reiterate, and reallege each and every admission, denial, affirmative defense, and allegation set forth in Paragraphs 1-270 above, as if set forth more fully herein at length.

272.    Nortmed Defendants object to the allegations contained in Paragraph 272 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, Nortmed Defendants deny the allegations.

273.    Nortmed Defendants deny the allegations set forth in Paragraph 273 of the Complaint.

274.    Nortmed Defendants deny the allegations set forth in Paragraph 274 of the Complaint.

275.    The allegations in Paragraph 275 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

276.    Nortmed Defendants deny the allegations set forth in Paragraph 276 of the Complaint, including each subpart.

277.    Nortmed Defendants deny the allegations set forth in Paragraph 277 of the Complaint.

278.    Nortmed Defendants deny the allegations set forth in Paragraph 278 of the Complaint.

279.    Nortmed Defendants deny the allegations set forth in Paragraph 279 of the Complaint.

280.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 280 of the Complaint.

281.    Nortmed Defendants deny knowledge and information sufficient to confirm the truth or falsity of the allegations in Paragraph 281 of the Complaint.

282.    The statements contained in Paragraph 282 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

**NINTH CLAIM FOR RELIEF**

**AGAINST THE "SHAPSON PCS"**

**(Declaratory Judgment)**
**(Corporate Practice of Medicine Business Corporation Law §§ 1501, *et seq.*)**

283.     Nortmed Defendants repeat, reiterate, and reallege each and every admission, denial, affirmative defense, and allegation set forth in Paragraphs 1-282 above, as if set forth more fully herein at length.

284.     Nortmed Defendants deny the allegations set forth in Paragraph 284 of the Complaint.

285.     Nortmed Defendants object to the allegations contained in Paragraph 285 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Nortmed Defendants deny the allegations.

286.     Nortmed Defendants object to the allegations contained in Paragraph 286 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations purport to be a statement of the relief sought by Plaintiffs herein to which no response is required. To the extent that one is so required, Nortmed Defendants deny the allegations.

287.     Nortmed Defendants object to the allegations contained in Paragraph 287 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal

conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

288.    The statements contained in Paragraph 288 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

289.    The statements contained in Paragraph 289 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Nortmed Defendants deny the allegations.

## TENTH CLAIM FOR RELIEF

## <u>AGAINST ALL DEFENDANTS, EXCEPT NORTMED</u>

### (Declaratory Judgment)
### (Unlawful Fee Splitting)

290.    Defendant Shapson repeats, reiterates, and realleges each and every admission, denial, affirmative defense, and allegation set forth in Paragraphs 1-289 above, as if set forth more fully herein at length.

291.    The allegations in Paragraph 291 of the Complaint constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Defendant Shapson denies the allegations.

292.    Defendant Shapson objects to the allegations contained in Paragraph 292 of the Complaint pursuant to Rules 8 and 10 of the FRCP, insofar as they are not plain and concise but, instead, are needlessly compound.  Notwithstanding the foregoing objection, the allegations

constitute legal conclusions and, as such, require no answer.  To the extent that an answer is so required, Defendant Shapson denies the allegations.

293.     Defendant Shapson deniesthe allegations set forth in Paragraph 293 of the Complaint, except admits that he owns Nortmed.

294.     The statements contained in Paragraph 294 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Defendant Shapson denies the allegations.

295.     Defendant Shapson denies the allegations set forth in Paragraph 295 of the Complaint.

296.     Defendant Shapson denies the allegations set forth in Paragraph 296 of the Complaint and defers to the Court's discretion as to whether there is a sufficient "case or controversy" under Article III of the Constitution.

297.     The statements contained in Paragraph 297 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein, and/or constitute legal conclusions, to which no response is required.  To the extent that one is so required, Defendant Shapson denies the allegations.

298.     The statements contained in Paragraph 298 of the Complaint purport to be a statement of the relief sought by Plaintiffs herein to which no response is required.  To the extent that one is so required, Defendant Shapson denies the allegations.

## **JURY DEMAND**

The allegations contained within the "Jury Demand" Section of the Complaint, comprising of Paragraphs 1 through 8 of said Section, state conclusions of law and/or purport to be statements

of relief sought by Plaintiffs herein to which no response is required.  To the extent that one is so required, Defendant Shapson denies the allegations in Paragraphs 1 through 8 of the "Jury Demand" Section.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' claims are barred, in whole or in part, due to acquiescence, waiver, estoppel, consent, and/or ratification.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred by the Statute of Limitations or are otherwise untimely under New York No-Fault Insurance Regulations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims are barred, in whole or in part, because they are improperly duplicative.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' alleged damages were sustained, in whole or part, through the acts and omissions of the Plaintiffs or persons, parties, and/or entities other than the Nortmed Defendants herein.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands and Plaintiffs' other inequitable conduct.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

7.     Plaintiffs' claims are barred, in whole or part, because Plaintiffs failed to mitigate its damages.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

8.     Plaintiffs, as insurers, bring their claims in bad faith in an effort to avoid paying (or disgorging payments previously made to) Nortmed Defendants for valid services provided by Plaintiffs to insureds.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

9.     The Complaint must be dismissed in its entirety as it comprises only conclusory allegations.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

10.    Plaintiffs' claims are barred, in whole or in part, by New York Insurance Law § 5106, 11 NYCRR § 65.15, and/or 11 NYCRR § 65-3.5.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

11.    Plaintiffs' claims are barred, in whole or in part, by New York Insurance Law § 5109.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

12.    Plaintiffs' claims are barred to the extent that Plaintiffs have failed to satisfy the statutory prerequisites for commencing this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' claims are barred, in whole or in part, by the fact that the claims sounding in fraud have not been pled with the requisite degree of particularity.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs, and/or those who purport to prosecute this action on their behalf, are not entitled to a trial by jury on all questions of fact as pled in the Complaint.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs' claims are barred, in whole or in part, by the Complaint's failure to meet Rule 9(b)'s particularity requirement, including, but not limited to, the Plaintiffs' failure to allege the specific role of each defendant in the purported predicate acts in alleged fraud or RICO actions.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiffs' claims are barred, in whole or in part, by the fact that, pursuant to N.Y. Insurance Law § 5106(b), "[e]very insurer shall provide a claimant with the option of submitting any dispute involving the insurer's liability to pay first party benefits… the amount thereof or" to submit the matter to arbitration, which has not occurred herein.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiffs' recovery is barred by the defense of release.

## AS AND A FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover the damages alleged in the Complaint.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' remedies are limited to those provided by Article 51 of the New York State Insurance Law.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

20.     Any and all actions taken by Nortmed Defendants with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with industry practice.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Nortmed Defendants did not act with the requisite scienter for actionable fraud.

## RESERVATION OF RIGHTS

22.     Nortmed Defendants reserve the rights to assert such additional affirmative defenses that may appear and prove applicable during the course of this action.  Nortmed Defendants answering herein assert that they currently lack any knowledge of any fraudulent or otherwise unlawful acts committed by any owner, associate, employee, patient or agent of any Defendant.  In the event such acts are discovered by the herein answering Nortmed Defendants, the answering Nortmed Defendants reserve their right to assert claims against such parties to indemnify themselves against such parties' unlawful or fraudulent actions, as such arise, or become available or apparent as discovery progress and during the course of this litigation.

**WHEREFORE,** Nortmed Defendants demand that judgment be entered in their favor as follows:

A.     On the First Claim for Relief, judgment dismissing Plaintiffs' claim for a RICO violation, pursuant to 18 U.S.C. § 1962(c), as against Defendants Shapson, Delaleu, Nortmed, John Does 1 through 20, and ABC Corporations 1 through 20;

B.       On the Second Claim for Relief, judgment dismissing Plaintiffs' claim for a RICO violation, pursuant to 18 U.S.C. § 1962(c), as against Defendants Shapson, Qureshi, Nortmed, John Does 1 through 20, and ABC Corporations 1 through 20;

C.       On the Third Claim for Relief, judgment dismissing Plaintiffs' claim for a RICO violation, pursuant to 18 U.S.C. § 1962(c), as against Defendants Shapson, Gottlieb, Nortmed, John Does 1 through 20, and ABC Corporations 1 through 20;

D.       On the Fourth Claim for Relief, judgment dismissing Plaintiffs' claim for a RICO violation, pursuant to 18 U.S.C. § 1962(c), as against Defendants Shapson, Bonocore, Nortmed, John Does 1 through 20, and ABC Corporations 1 through 20;

E.       On the Sixth Claim for Relief, judgment dismissing Plaintiffs' claim for common law fraud (fraudulent incorporation of Shapson PCs) against Defendants Shapson, Delaleu, Qureshi, Gottlieb, Bonocore, SD Medical, PR Medical, Gottlieb Chiro, Goodheart Chiro, Nortmed, John Does 1 through 20, and ABC Corporations 1 through 20;

F.       On the Seventh Claim for Relief, judgment dismissing Plaintiffs' claim for unjust enrichment as against all Defendants;

G.       On the Eighth Claim for Relief, judgment dismissing Plaintiffs' claims for common law fraud (kick-back scheme) as against Defendants Shapson, Delaleu, SD Medical, Gottlieb Chiro, Goodheard Chiro, Nortmed, Vatelman, and Element Acupuncture;

H.       On the Ninth Claim for Relief, judgment dismissing Plaintiffs' claim for declaratory judgment (Corporate Practice of Medicine Business Law §§ 1501, *et seq.*) against Defendant Shapson; and

I.       On the Tenth Claim for Relief, judgment dismissing Plaintiffs' claim for declaratory judgment (unlawful fee splitting) as against all Defendants, except Nortmed,

J.      Together with such other and further relief as this Court deems just and proper.


Dated: May 2, 2016
          Woodbury, NY


                                        Respectfully Submitted,


                                        _____/s/_____
                                        Andrew Cooper, Esq.
                                        **MOHEN COOPER & PAPAGIANAKIS LLC**
                                        *Attorneys for Defendants Isaac Shapson and*
                                        *Nortmed Management, Inc.*
                                        135 Crossways Park Drive, Suite 402
                                        Woodbury, NY 11797
                                        (516) 280-8600